T. L. CAMP ET AL. v. THE STATE.

No. 960. Decided April 13, 1898.

1. **Scire Facias—Answer of Sureties—Practice.**

On the trial of a scire facias upon a forfeited recognizance, where the court refused to permit the sureties to withdraw their original answer, but did permit them to file and did consider what they termed their "plea in abatement;" Held, no error is shown. Following Camp v. State, ante, p. 142.

2. **Recognizance—Date of Execution—Variance.**

Where the scire facias recited, that the recognizance was entered into on the 23d day of January, and the recognizance showed, on its face, that it was entered into on the _____ day of January (stating no dates), Held, this is no variance. It would have been a variance had the recognizance named a day different from that stated in the scire facias.

APPEAL from the District Court of Williamson. Tried below before Hon. R. E. BROOKS.

Appeal from a judgment final for $500 on a forfeited recognizance. This is a companion case to Camp v. State, ante, p. 142. No statement necessary.

*F. L. Camp, J. M. Edwards,* and *Oeland & Littleton,* for appellants.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Judgment final was entered against appellants, as sureties, on a forfeited recognizance. Their principal, John D. Mills, was required by recognizance to appear before the District Court of Williamson County, then in session, to answer a charge of forgery. The appellants were his sureties in that recognizance. Default being made, forfeiture was taken, judgment nisi entered, and scire facias issued. Appellants answered by general demurrer and general denial. Subsequently, they sought to withdraw their original answer, and filed what they termed a "plea in abatement." The court refused to permit their original answer to be withdrawn, but permitted them to file said plea in abatement, and considered it on the hearing of the cause. The judgment final was entered, and appellants ask a reversal because of this action of the court. In this, we think, there was no error. See Camp v. State (just decided), ante, p. 142.

When the recognizance was offered in evidence, appellants reserved an exception to its introduction, because there was a variance between the citation served upon the defendant and the recognizance, as to the day upon which said recognizance was executed. The citation recited that it was entered into on the 23d day of January, and the recognizance showed on its face that it was entered into on the —— day of January. This is not a variance. The recognizance sets out no day, leaves it blank; whereas the citation specifies the day. Had the recognizance recited one day, and the citation a different day, there would have been a variance. It would have been, perhaps, better pleading for the citation to have alleged that, while the recognizance was silent as to the day, it was in fact entered into on the 23d day of January. But this is not presented in the bill of exceptions. The remaining questions in this case are the same as in Camp v. State (just decided), ante, p. 142. The judgment is affirmed.

*Affirmed.*